UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-22034-CV-SCOLA
MAGISTRATE JUDGE REID

LARRY BLAKNEY,

      Plaintiff,

v.

CATHERINE BREWTON, *et al.*,

      Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.  Introduction

This matter is before the Court on *sua sponte* review of a *pro se* Plaintiff's "Civil-Complaint Update". [ECF No. 4]. The Undersigned has liberally construed this filing to be Plaintiff's Amended Complaint. This matter has been referred to the Undersigned pursuant to S.D. Fla. Admin Order 2019-2. [ECF No. 2]. As set forth below, Plaintiff's Complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915A(1).

### II. Standard of Review

Under 28 U.S.C. § 1915A, district courts are required to review complaints in which a prisoner seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim

upon which relief can be granted or (2) seeks monetary relief from an immune defendant. *See also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007)

This provision of the Prisoner Litigation Reform Act of 1996 (PLRA) applies even if a prisoner is not proceeding *in forma pauperis* and even if a party has not paid the requisite filing fee. *Thompson*, 213 F. App'x at 942 (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2nd Cir. 1999)). In contrast § 1915(e)(2)(B) applies only to prisoners who proceed IFP. Under § 1915A(c), a "prisoner" is "any person incarcerated or detained in any facility." Accordingly, as Plaintiff is a "prisoner" and has not filed a motion to proceed IFP, the Court is required to review Plaintiff's complaint.

"A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III. Allegations

Plaintiff requests that the Court pursue the criminal prosecutions of individuals identified as "Catherine Brewton 'AKA CAT' and Shawn Hey" because of their alleged libel and slander. [ECF No. 4 at 1]. Plaintiff also seeks $89.8 million in punitive damages. [*Id.*].

It appears Plaintiff alleges that the libel and slander committed by the identified defendants was assisted, or perhaps repeated, by unnamed jail officials at

the Federal Detention Center in Miami, Florida. [*Id.*]. According to Plaintiff, the identified Defendants have broadcasted untrue statements, which had led Plaintiff's fellow inmates to threaten him and discourage Plaintiff from serving as a minister of his faith. [*Id.* at 2]. In addition to requesting that the Court pursue the criminal prosecution of certain persons for libel or slander, Plaintiff invoked the Free Exercise Clause. [*Id.* at 3]. However, it is unclear whether that is a claim he is trying to raise.

## IV. Discussion

The Court does not initiate criminal prosecutions, and Plaintiff's invocation of the Free Exercise Clause is untethered to any basis in fact to support such a claim. As a whole, the construed amended complaint is fails to state a claim upon which relief may be granted.[1] *See Miller*, 541 F.3d at 1100.

## V. Conclusion

Based on the foregoing, the Complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915A(1). It is further recommended that this case number be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue

---

[1] There are other deficiencies with the Complaint, including Plaintiff's failure to file his allegations under penalty of perjury and to provide a complaint that substantially complies with the form complaint pursuant to S.D. Fla. 88.2.

3

covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 27th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Larry Blakney
      34750-171
      Miami FDC
      Federal Detention Center
      Inmate Mail/Parcels
      Post Office Box 019120
      Miami, FL 33101
      PRO SE