United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Larry Blakney, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-cv-22034-Civ-Scola |
| | ) |
| Catherine Brewton and others, Defendants. | ) |

### **Order Adopting Magistrate's Report and Recommendation**

This case was referred to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On July 27, 2020, Judge Reid issued her report and recommendation after screening pro se prisoner Plaintiff Larry Blakney's complaint under 28 U.S.C. § 1915A. (ECF No. 9.) Judge Reid concludes Blakney's complaint fails to state a claim upon which relief may be granted. Blakney did not file objections to Judge Reid's report and recommendations but submitted an amended complaint (ECF No. 11) and a motion to proceed *in forma pauperis* (ECF No. 12), both of which were struck by Judge Reid (ECF Nos. 13, 14). After review, the Court **adopts** Judge Reid's report and recommendation (**ECF No. 10**), albeit with certain modifications, as explained, below.

In his amended complaint (ECF No. 4), Blakney complains Catherine Brewton and Shawn Hey have defamed him by broadcasting various statements throughout various facilities where he has been detained. (Am. Compl., ECF No. 4, 2.) He complains these various institutions facilitated the Defendants' access to certain broadcasting mechanisms inside the facilities, including walkie-talkies and intercom systems. (*Id.*) He alleges the Defendants, through their broadcasts, called him "a crackhead," "a fake," and "a creep." As a result, he asks the Court to initiate criminal prosecutions against the Defendants for defamation. Blakney also says his rights under the Free Exercise Clause of the First Amendment have been violated. As Judge Reid points out, the Court does not initiate criminal prosecutions. Further, as Judge Reid explains, Blakney has not supplied any facts that might support his claim under the First Amendment.

As an initial matter, the Court notes § 1915A is inapplicable to Blakney's complaint against Brewton and Hey as Defendants. Rather, screening under § 1915A, is applicable only through "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). It appears that neither Brewton nor Hey are governmental entities or officers or employees of a governmental entity. Instead, then, § 1915 applies here. Under §1915(a), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A prisoner seeking to initiate such an action, under § 1915, must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Although Blakney filed a motion to proceed *in forma pauperis*, albeit after Judge Reid issued her report and recommendations, Blakney has not submitted the required account statement.

Regardless, even if Blakney had submitted the proper motion and documentation to proceed without prepaying his fees, the Court agrees with Judge Reid that he nonetheless fails, in his amended complaint, to state a claim for relief that may be granted. Additionally, the screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(1). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Blakney's allegations here, as set forth in his amended complaint, also appear to be "an archetype of 'fantastic or delusional scenarios'" and merit dismissal as factually frivolous as well as for failing to state a claim. *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687, at *1 (S.D. Fla. Feb. 25, 2008) (Cooke, J.). *See Denton*, 504 U.S. at 33 ("[A] finding

of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."). *See also Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (approving the district court's sua sponte dismissal of a complaint that presented "a farfetched scenario based on assertions of a massive conspiracy to monitor" the plaintiff); *Biton v. Holder*, No. 10-61038-CIV, 2010 WL 4925799, at *1 (S.D. Fla. June 23, 2010) (Moreno, J.) (dismissing a complaint where there were "no credible factual allegations accompanying the claims"). Blakney appears to allege a conspiracy between a number of detention centers in various states that coordinated with individuals unaffiliated with those centers to use facility resources to broadcast defamatory statements about him. Thus, to the extent Blakney, in his amended complaint, seeks to lodge state claims against Brewton and Hey or § 1983 claims against the prison facilities or employees, the Court finds Blakney's allegations farfetched and therefore frivolous.

Although it was improperly submitted, the Court has also reviewed the third version Blakney has submitted of his complaint (ECF No. 11.) In this third version, Blakney names the Miami Federal Detention Center as well as the Hartsville Police Department and "SLED" Agency as additional defendants. He further complains of violations of his Fourth and Eighth Amendment rights because, he says, the Defendants are also recording him without his consent and provoking other inmates to attack him. This version of his complaint, like the ones that precede it, is difficult to follow and provides little that would allow the Court to discern who did what and which defendants Blakney seeks to hold liable for the misconduct alleged.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The third version of Blakney's complaint does not meet this standard with respect to any of the Defendants it names.

The Court agrees with Judge Reid that Blakney's amended complaint (ECF No. 4) should be dismissed. In addition to failing to state a claim, the Court finds Blakney's amended complaint would be found frivolous under § 1915(e)(2) had Blakney properly complied with § 1915(a)(1) and (2). The Court also concludes that even if Blakney had properly submitted the third version

of his complaint (ECF No. 11), it too fails to state a claim. Although the Court finds any further amendment would likely be futile, because Blakney is proceeding pro see, the Court liberally construes his pleadings and will afford him a final chance to submit an amended complaint that states a claim upon which relief may be granted. Should Blakney seek to avail himself of this opportunity, his amended complaint must (1) address the shortcomings of the various versions of his complaint noted in this order as well as Judge Reid's report and recommendations; (2) comply with the pleading requirements of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth specific factual allegations in support of his claims; (4) if there is more than one cause of action, separate each into a different, sequentially numbered, count which identifies the relevant cause of action or claim for relief; (5) identify which factual allegations and acts pertain to which Defendants; and (6) identify which factual allegations and acts pertain to which count. Additionally, Blakney must also file an amended motion to proceed *in forma pauperis* and must include his trust fund account statement as well, before the Court will consider his amended complaint.

Blakney must file his third amended complaint and submit his *in forma pauperis* motion and documents on or before **September 14, 2020**. If Blakney fails to timely comply with the Court's orders, this action will be dismissed with prejudice. In the meantime, the Court **directs** the Clerk to administratively **close** this case. If Blakney timely files a viable complaint, the Court will reopen this case.

The Clerk is directed to **mail** a copy of this order to the Plaintiff at the address indicated on the docket.

**Done and ordered** at Miami, Florida, on August 24, 2020.

Robert N. Scola, Jr.
United States District Judge